IN THE COURT OF COMMON PLEAS
SUMMIT COUNTY, OHIO

**EXHIBIT A**

| | |
|---|---|
| John Whatmough<br>2331 E. Turkeyfoot Lake Road<br>Green, Ohio 44312<br>    Plaintiff, | CASE NO.<br><br>JUDGE |
| vs. | |
| Menard Inc.<br>Aka Menard Inc.<br>125 Graham Road<br>Cuyahoga Falls, Ohio 44223 | COMPLAINT<br><br>TYPE: PERSONAL INJURY<br>Premises liability |
| And | Jury Demand Endorsed Hereon |
| Menard Inc.<br>5101 Menard Drive<br>Eau Claire, Wisconsin 54703 | |
| And | |
| Menard Inc.<br>C/O Corporation Service Company<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, Ohio 43221 | |
| And | |
| JOHN DOE Contractor 1-10<br>C/O Corporation Service Company<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, Ohio 43221 | |
|     Defendants. | |

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff John Whatmough is a resident of Green Ohio who on April 10, 2021 was

   a business invitee at Menard's at 125 Graham Road, Cuyahoga Falls, Ohio.

2. Defendant Menard's, to the best of Plaintiff's knowledge, otherwise known as Menard Inc. is a business headquartered in Wisconsin doing business and operating multiple stores throughout the State of Ohio, all open to the public selling tools, gardening items, food, clothing and other items.

3. Defendant Menards and/or Defendant Mendard Inc. has named Corporation Service Company, 3366 Riverside Drive, Suite 103, Upper Arlington, Ohio 43221 as their Ohio statutory agent for purposes of service of process.

## COUNT I

### Premises Liability

4. Plaintiff incorporates all prior paragraphs as if fully restated into this count.

5. The present case arises out of an incident on April 10, 2021 when John Whatmough, a business invitee at the Menard's in Cuyahoga Falls Ohio, while shopping, was struck in the head by a door that to the best of Plaintiff's knowledge was stacked by Menard's employees and or John Doe Contractors 1-10.

6. Defendant Menards, and, or Defendant Menard Inc. owes a duty to shoppers, like Plaintiff John Whatmough, to exercise ordinary care and provide them a safe environment within which to shop, free of latent and/or unreasonably dangerous hazards, including, but not limited to, the proper stocking of inventory in a way that inventory will not injure their shoppers. Safety from falling hazards is just one of the many duties owed by premises owners in Ohio.

7. The door that struck John Whatmough was not open or observable to him or any other reasonable person on the date of his injury and further, open and obvious

would not be a defense regardless as the condition was created by the employees of Defendant Menards, and/or Defendant Menard Inc.

8. Defendant Menards and/or Defendant Menard Inc. breached its duty to Plaintiff John Whatmough by not exercising ordinary care, or providing him a safe premises with which to shop due to its negligence and in creating and its failure to warn him of the latent and hidden falling dangers of the area where the door struck him.

9. Defendant Menards and/or Menard Inc. was aware or should have been aware of the falling object risk the doors created in the area where Plaintiff was struck.

10. As a direct and proximate result of the Defendant Menards and/or Menard Inc.'s negligence, Plaintiff John Whatmough suffered serious and permanent and debilitating physical and emotional injuries, including but not limited to a broken vertebrae, causing physical and emotional pain and suffering that is expected to last long into the future and upon a permanent basis.

11. Plaintiff John Whatmough's injuries amount to a permanent and substantial physical deformity, and/or amount to a permanent physical functional injury that permanently prevents him from being able to independently care for himself and perform life sustaining activities.

12. As a direct and proximate result of Defendant Menards and/or Menard Inc.'s negligence, Plaintiff John Whatmough incurred past, present and future medical expenses and past, present and future lost wages and a permanent loss of future earning capacity.

13. As a direct and proximate result of Defendant Menards and/or Menard Inc.'s negligence, Plaintiff John Whatmough has suffered and will continue to suffer physical, mental, and emotional pain and suffering, loss of ability to perform everyday activities, and inconvenience.

## Count II

### Negligence of John Doe Contractor 1-10

14. Plaintiff realleges and incorporates paragraphs 1-11

15. Defendant John Doe Contractor 1-10 are the sole proprietors, LLCs or corporations and their employees that negligently designed the door supply and/or negligently constructed the door supply and/or negligently stacked the doors in the Menards in Cuyahoga Falls, Ohio that fell and struck Plaintiff in the head.

16. Defendant John Doe Contractors 1-10 could not be identified prior to filing despite Plaintiff's due diligence. Plaintiff will seek to amend his complaint to add the properly named defendant names at the necessary time and as discovered through the discovery process.

17. As a direct and proximate result of John Doe Contractors 1-10's negligence, Plaintiff John Whatmough suffered serious and permanent and debilitating physical and emotional injuries, including but not limited to a broken bone in his spine, causing physical and emotional pain and suffering that is expected to last long into the future and upon a permanent basis.

18. Plaintiff John Whatmough's injuries amount to a permanent and substantial physical deformity, and/or amount to a permanent physical functional injury that

permanently prevents him from being able to independently care for himself and perform life sustaining activities.

19. As a direct and proximate result of Defendant John Doe Contractor 1-10's negligence, Plaintiff John Whatmough incurred past, present and future medical expenses and past, present and future lost wages and loss of earning capacity.

20. As a direct and proximate result of Defendant John Doe Contractors 1-10's negligence, Plaintiff John Whatmough has suffered and will continue to suffer physical, mental, and emotional pain and suffering, loss of ability to perform everyday activities, and inconvenience.

WHEREFORE, Plaintiff John Whatmough demands judgment against Defendant Defendant Menards and/or Defendant Mendard Inc., and or John Doe Contractors 1-10 compensatory damages in excess of Twenty-Five Thousand Dollars ($25,000.00), but not specifically stated as set forth in Ohio Civil Rule 8(A), as well as costs, expenses, fees, pre- and post-judgment interest, and such further relief to which he may be entitled.

Respectfully submitted,

**KISLING, NESTICO & REDICK, LLC**

/s/ *Michael J. Maillis*
Michael J. Maillis (0065472)
22. E. McKinley Avenue
Poland, Ohio 44514.
Email: mmaillis@knrlegal.com
*Counsel for Plaintiff John Whatmough*

/s/ *Christopher J. Van Blargan*
Christopher J. Van Blargan (0066077)
3412 West Market Street
Akron, Ohio 44333
PH: (330) 869-9007 FAX:(330) 869-9008
Email: cvanblargan@knrlegal.com
*Counsel for Plaintiff, John Whatmough*

## JURY DEMAND

Plaintiff demands a trial by jury on all these issues so triable.

/s/ *Michael J. Maillis*
Michael J. Maillis (0065472)
Christopher J. Van Blargan (0066077)